# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GREEN FIELD ENERGY SERVICES, INC., *et al.*,<br><br>　　　　　Debtors. | Chapter 11<br><br>Case No. 13-12783 (KG)<br><br>(Jointly Administered) |
| ALAN HALPERIN, AS TRUSTEE OF THE GFES LIQUIDATION TRUST,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MICHEL B. MORENO, MOR MGH HOLDINGS, LLC, MOR DOH HOLDINGS, LLC, MOODY, MORENO AND RUCKS, LLC, SHALE SUPPORT SERVICES, LLC, DYNAMIC GROUP HOLDINGS, LLC, FRAC RENTALS, LLC, TURBINE GENERATION SERVICES, LLC, AERODYNAMIC, LLC, CASAFIN II, LLC, MORENO PROPERTIES, LLC, ELLE INVESTMENTS, LLC, LQT INDUSTRIES, LLC K/A DYNAMIC ENERGY SERVICES INTERNATIONAL LLC<br><br>　　　　　Defendants. | Adv. Pro. No. 15-50262 (KG) |

**MOTION OF ALAN HALPERIN, AS TRUSTEE OF THE GFES LIQUIDATION TRUST FOR LEAVE TO FILE SUR-REPLY TO MORENO DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

Alan Halperin (the "Trustee"), as Trustee of the GFES Liquidation Trust, by and through his undersigned counsel, respectfully submits this motion (the "Motion for Leave")[1] for the entry of an order granting leave from Rules 7007-1(b) and 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the attached proposed Sur-Reply.

Bankruptcy Court for the District of Delaware (the "Local Rules") and permitting the Trustee to file a sur-reply (the "Sur-Reply") (attached hereto as Exhibit A) in response to Defendants' reply brief in support of their motion to dismiss (the "Reply") [D.I. 35]. In support of his Motion for Leave, the Trustee respectfully states as follows:

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue is proper in this district pursuant to 28 U.S.C. § 1410. The statutory basis for the relief requested herein is section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

## RELIEF REQUESTED

3. The Trustee respectfully requests leave from Local Rules 7007-1(b) and 9006-1 so that he may file the accompanying Sur-reply. The Trustee submits that this Sur-reply is warranted to address issues that Defendants raised for the first time in the Reply.

## BASIS FOR RELIEF REQUESTED

4. Sur-replies are regularly and properly permitted to allow a party the opportunity to respond to issues raised for the first time in reply. Leave to file a sur-reply should be granted where the party "'would be unable to contest matters presented to the court for the first time in the opposing party's reply.'" Groobert v. President and Dirs. Of Georgetown Coll., 219 F.Supp. 2d 1, 13 (D. D.C. 2002) (citation omitted). See also Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003).

5. Here, the Trustee requests leave to file the attached proposed 8-page sur-reply in order to respond briefly to three arguments that Defendants made for the first time in their reply brief in support of their motion to dismiss the Complaint.

6. <u>First</u>, Defendants argue in their reply brief that PowerGen does not satisfy the corporate opportunity test because GFES was not financially able to exploit it. <u>See</u> Reply ¶¶ 9-11. Defendants could have presented this argument in their opening brief—*i.e.*, they presented argument on other elements of the "corporate opportunity" test (including the line of business element, <u>see</u> Mot. ¶¶ 37, 88), but they declined to present argument on the "financially able" element. At minimum, the Trustee should be permitted to submit the brief response regarding this point contained in the attached proposed sur-reply.

7. <u>Second</u>, Defendants contend in their reply brief that one of the independent means of satisfying the pleading standard for actual intent—*i.e.*, the "natural consequences" test—is a "minority view" that "is not the law in this Circuit or State." <u>See</u> Reply ¶ 18. While Defendants present this argument in response to the Trustee's argument on actual intent, it nevertheless appears for the first time on reply, and the Trustee has had no opportunity to respond to it. Particularly because, in the Trustee's view, the Reply misstates the law, the Trustee requests that the brief response contained in the attached proposed sur-reply be permitted.

8. <u>Third</u>, Defendants contend in their reply brief that the Section 550(a)(1) "beneficiary" prerequisites are not met with respect to liability of Moreno and certain other defendants on certain avoidance causes of action. <u>See</u> Reply ¶¶ 30-39. While Defendants present this argument in response to the Trustee's arguments regarding

Section 550(a)(1), it nevertheless appears for the first time on reply, and the Trustee has had no opportunity to respond to Defendants' argument. Particularly because, in the Trustee's view, the Reply argument is not supported by the authorities it relies on, the Trustee requests that the brief response contained in the attached proposed sur-reply be permitted.

## CONCLUSION

WHEREFORE, in light of the foregoing, the Trustee respectfully requests that the Court enter an Order, substantially in the form attached hereto, granting the Trustee (i) leave from the requirements of Local Rules 7007-1(b) and 9006-1; (ii) permission to file the attached Sur-Reply; and (iii) such further relief as the Court deems just.

Dated:  July 31, 2015                **WOMBLE CARLYLE SANDRIDGE & RICE, LLP**

/s/ Thomas M. Horan
Steven K. Kortanek (Del. Bar No. 3106)
Thomas M. Horan (Del. Bar No. 4641)
Morgan L. Patterson (Del. Bar No. 5388)
222 Delaware Avenue, Suite 1501
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
E-mail: skortanek@wcsr.com
E-mail: thoran@wcsr.com
E-mail: mpatterson@wcsr.com

**BROWN RUDNICK LLP**

Robert J. Stark (admitted *pro hac vice*)
Marek P. Krzyzowski (admitted *pro hac vice*)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

Joel S. Miliband (admitted *pro hac vice*)
2211 Michelson Drive, 7th Floor
Irvine, California 92612
Telephone:  (949) 752-7100
Facsimile:  (949) 252-1514

James W. Stoll (admitted *pro hac vice*)
Patrick G. H. Mott (admitted *pro hac vice*)
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
Facsimile:  (617) 289-0425

*Counsel for Alan Halperin, as Trustee of the GFES Liquidation Trust*