## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| GREEN FIELD ENERGY SERVICES, INC., *et al.*, | Case No. 13-12783 (KG) |
| Debtors. | (Jointly Administered) |
| ALAN HALPERIN, AS TRUSTEE OF THE GFES LIQUIDATION TRUST, | |
| Plaintiff, | Adv. Pro. No. 15-50262 (KG) |
| vs. | |
| MICHEL B. MORENO; MOR MGH HOLDINGS, LLC; MOR DOH HOLDINGS, LLC; MOODY, MORENO AND RUCKS, LLC; SHALE SUPPORT SERVICES, LLC; DYNAMIC GROUP HOLDINGS, LLC; FRAC RENTALS, LLC; TURBINE GENERATION SERVICES, LLC; AERODYNAMIC, LLC; CASAFIN II, LLC; MORENO PROPERTIES, LLC; ELLE INVESTMENTS, LLC; LQT INDUSTRIES, LLC K/A DYNAMIC ENERGY SERVICES INTERNATIONAL LLC; ENRIQUE FONTOVA; CHARLIE KILGORE; MARK KNIGHT, | |
| Defendants. | *Re D.I. 168 + 38* |

### REVISED SCHEDULING ORDER

The Court having conducted an initial Rule 16 scheduling and planning conference pursuant to District Court Local Rule 16.1 on July 28, 2015, entered a Scheduling Order on July 28, 2015. Thereafter, additional parties were joined in the lawsuit and the Parties jointly requested that the below Revised Scheduling Order be entered.

IT IS ORDERED that:

**1.      Rule 7026(a)(1) Initial Disclosures.**

The parties who have not already made initial disclosures shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), made applicable to this adversary proceeding by Bankruptcy Rule 7026 within thirty (30) days of the date of this Order.

**2.      Mediation.**

Mediation took place in January 2016.

**3.      Joinder of other Parties and Amendment of Pleadings.**

All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before April 15, 2016.

**4.      Discovery Schedule.**

a.      _Fact Discovery._  All discovery, other than expert discovery, shall be initiated so that it will be completed on or before August 5, 2016.

b.  Expert Discovery

i.      _Expert Designations and Disclosures._  The Parties shall file their initial Bankruptcy Rule 7026(a)(2) disclosures of expert testimony to be used in their case in chief on or before August 19, 2016; and disclosures contradicting or rebutting evidence on the same subject matter identified by another party shall be filed on or before September 9, 2016.

ii.      _Closure of Expert Discovery._  All expert discovery shall be completed no later than October 7, 2016.

2

iii.    To the extent any objection to expert testimony is made pursuant to the principals announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), it shall be made by motion no later than December 9, 2016, unless otherwise ordered by the Court.

**5.    Discovery Disputes.**

The parties shall not file discovery motions unless the Court requests briefing. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at **(302) 252-2913, extension 3**, to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a statement, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and/or summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a statement, not to exceed three pages, outlining that party's reason for its opposition. Should the Court find itself unable to resolve the disputes in the telephone conference, the Court will order motion and briefing practice. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph. The Court will accept and encourages telephone calls during depositions in an attempt to resolve disputes arising in the course of the deposition without delay or the need for extensive briefing.

**6.    Application to Court for Protective Order.**

A protective order has been entered by the Court in this proceeding.

7.      **Papers filed under Seal.**

When filing papers under seal, counsel should deliver to Chambers an original and one copy of the papers.

8.      **Interim Status Report.**

On or before May 25, 2016, counsel shall file with the Court an interim report on the nature of the matters in issue and the progress of discovery to date.

9.      **Status Conference.**

On June **2** 2016, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at 10 A.M. ET.  Plaintiff's counsel shall initiate the telephone call.  If all parties agree that there is nothing to report, nor anything to add to the interim status report to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

10.     **Case Dispositive Motions.**

All case dispositive motions and accompanying briefing and affidavits, if any, in support of the motion shall be served and filed on or before October 26, 2016.  Briefing will be presented pursuant to Del. Bankr. L.R. 7007-1.

11.     **Application by Motion.**

Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk.  Any non-dispositive motion should contain the statement required by District Court Local Rule 7.1.1.

**12.     Pretrial Conference.**

On February 6, 2017, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 10 a.m ET.  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3) and Bankruptcy Rule 7026(a)(3).  The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order no later than January 27, 2017.

**13.     Motions in Limine.**

No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of facts and argument.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court.

**14.     Pre-Trial Briefs.**

Parties may or shall if the Court requires, file a pre-trial brief.  In order to preclude an advantage to a party, the parties should submit and exchange briefs at the pre-trial conference.

**15.     Trial.**

This matter is scheduled for a 5-day trial beginning at 9:30 a.m ET on February 27, 2017.

Dated: **March 9**      , 2016

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE