## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| GREEN FIELD ENERGY SERVICES, INC., et al., | Case No. 13-12783 (KG) |
| Debtors | (Jointly Administered) |
| ALAN HALPERIN, AS TRUSTEE OF THE GFES LIQUIDATION TRUST, | |
| Plaintiff, | Adv. Pro. No. 15-50262 (KG) |
| vs. | |
| MICHEL B. MORENO, MOR MGH HOLDINGS, LLC, MOR DOH HOLDINGS, LLC, MOODY, MORENO AND RUCKS, LLC, SHALE SUPPORT SERVICES, LLC, DYNAMIC GROUP HOLDINGS, LLC, FRAC RENTALS, LLC, TURBINE GENERATION SERVICES, LLC, AERODYNAMIC, LLC, CASAFIN II, LLC,MORENO PROPERTIES, LLC, ELLE INVESTMENTS, LLC, LQT INDUSTRIES, LLC a/k/a DYNAMIC ENERGY SERVICESINTERNATIONAL LLC, ENRIQUE FONTOVA,CHARLIE KILGORE, MARK KNIGHT, | |
| Defendants. | |

### DEFENDANTS MICHEL B. MORENO AND TURBINE GENERATION SERVICES, LLC'S UNOPPOSED MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT AGAINST GENERAL ELECTRIC CO. AND GE OIL & GAS, INC.

Pursuant to Rules 14(a)(1) and 15(a)(2) of the FEDERAL RULES OF CIVIL PROCEDURE, as applicable to this proceeding by FED. R. BANKR. P. 7014 and 7015, and this Court's Scheduling Order of March 9, 2016 (Dkt. No. 169) (the "Revised Scheduling Order"), Defendants Michel B. Moreno ("Moreno") and Turbine Generation Services, LLC ("TGS") (together, "Defendants"), move this Court for an Order granting leave to file their Third-Party Complaint and Crossclaim

for Contribution against General Electric Co. ("GE") and GE Oil & Gas, Inc. ("GEOG") (the "Third-Party Complaint").  In support of this motion, Moreno and TGS respectfully state as follows:

1.      On September 21, 2015, Moreno and TGS filed their initial Answer to Plaintiff's Original Complaint and Objection to Claims Pursuant to Bankruptcy Code Sections 502 and 503 and Federal Rule of Bankruptcy Procedure 3007. *See* Dkt. No. 67.

2.      Thereafter, on November 20, 2015, Plaintiff was granted leave to file its Amended Complaint and Objection to Claims Pursuant to Bankruptcy Code Sections 502 and 503 and Federal Rule of Bankruptcy Procedure 3007 ("Amended Complaint") (Dkt. No. 107). Plaintiff filed its Amended Complaint, which joined additional defendants to the lawsuit, on November 30, 2015.  Defendants Moreno and TGS filed their Answer to Plaintiff's Amended Complaint on December 14, 2015. *See* Dkt. No. 126.  The newly added defendants filed their Answers to the Amended Complaint on March 17, 2016. *See* Dkt. Nos. 172 and 173.

3.      On November 25, 2015, Defendants served discovery requests on GE seeking documents from it and its subsidiary, GEOG. *See* Dkt. No. 118.  The Trustee also served discovery requests on GE and GEOG the same day. *See* Dkt. Nos. 119 and 120.

4.      Nearly three months after being served with the subpoenas, GE and GEOG finally began producing responsive documents on February 18, 2016.

5.      In his Amended Complaint, the Trustee alleges that, among other things, Moreno and Defendants Enrique Fontova ("Fontova"), Charlie Kilgore ("Kilgore"), and Mark Knight ("Knight") breached fiduciary duties that they owed to GFES and engaged in corporate waste and that TGS was unjustly enriched by a fraudulent transfer committed by Moreno and TGS.

6.     Defendants Moreno and TGS deny liability to Plaintiff and deny that Plaintiff sustained damages or was injured by any of the occurrences alleged in Plaintiff's Amended Complaint.  However, if Defendants Moreno and TGS are liable to Plaintiff, GE and GEOG are also liable to Plaintiff for the damages alleged in the Amended Complaint as described in Defendants Moreno and TGS' Third-Party Complaint.

7.     A copy of Moreno and TGS' proposed Third-Party Complaint, without its Exhibit (which is a copy of the Amended Complaint) is attached hereto as Exhibit A.

8.     Moreno and TGS seek to join GE and GEOG as third-party defendants because GE and GEOG are or may be liable to Moreno and TGS for all or part of the Trustee's claims against them.

9.     In his claims for Fraudulent Transfer, Breach of Fiduciary Duty, Breach of Fiduciary Duty of Loyalty—Usurpation of Corporate Opportunity, Aiding and Abetting Breach of Fiduciary Duty, and Corporate Waste, the Trustee alleges that Moreno and TGS caused injury to the Debtors by causing "PowerGen" to be transferred out of and away from GFES and into TGS, that GFES received little or no value in return, and that Moreno thereby hindered, delayed or defrauded GFES creditors. *See* Amended Complaint at ¶¶ 37-49.

10.    However, GE and GEOG, which had committed to investing a substantial amount of capital into a power generation business, insisted that GFES not be included in the power generation line of business and that the business remain independent of GFES as a separate entity, despite their awareness of Moreno's relationship with GFES.

11.    If Moreno breached any fiduciary duty of care or loyalty owed to GFES, then GE and GEOG, knowing that Moreno was breaching his fiduciary duties of care and loyalty to GFES, gave substantial assistance, aid, or encouragement to Moreno and TGS to so act.

12.     Through their conduct, GE and GEOG aided and abetted any alleged breach of fiduciary duty and if GFES and its business and prospects has incurred any damages therefrom, such damage was caused by GE and GEOG.

13.     Pursuant to Fed. R. Civ. P. 15(a)(2), applicable to this proceeding by Fed. R. Bankr. P. 7015, leave to amend pleadings should be freely given when justice so requires.  This motion is timely filed prior to the expiration of the April 15, 2016, deadline for the parties to seek to amend their pleadings, and is not brought for the purposes of delay or harassment. Rather, Moreno and TGS seek leave to file the proposed Third-Party Complaint in order to seek recovery from GE and GFES for their proportionate share of liability to the Plaintiff, if any liability to the Plaintiff is to be found.

14.     To the extent Plaintiff wishes to conduct additional discovery from GE and GEOG, Plaintiff will have ample opportunity to do so, and GE and GEOG will have ample opportunity to participate in discovery, as discovery in this matter does not close until August 5, 2016.  Therefore, Plaintiff will not be prejudiced by the joinder of additional parties.  Granting the relief requested herein will not result in delay of these proceedings nor require adjustment to the Court's schedule in this matter.

15.     On April 7-12, 2016, counsel for Moreno and TGS conferred by email with counsel for the Trustee and such counsel has no opposition to Moreno and TGS being granted leave to file their Third-Party Complaint.

WHEREFORE, Defendants Moreno and TGS request that the Court grant their Motion in its entirety, that Defendants Moreno and TGS are granted leave to file their Third-Party Complaint (attached hereto as Exhibit "A"), the Third-Party Complaint be deemed to have been filed for all purposes as of the date of Defendants' Motion for Leave to File the Third-Party

Complaint, and grant such other relief, at law or in equity, both general and special, to which they may be justly entitled.

Dated:  April 12, 2016

MANION GAYNOR & MANNING LLP

Marc J. Phillips (Del. Bar No. 4445)
1007 North Orange Street, 10th Floor
Wilmington, DE 19801
Telephone: (302) 504-6803
Facsimile: (302) 657-2104
Email: mphillips@mgmlaw.com

and

DYKEMA COX SMITH
Jeffrey R. Fine (admitted *pro hac vice*)
Texas State Bar No. 07008410
Alison R. Ashmore (admitted *pro hac vice*)
Texas State Bar No. 24059400
Aaron Kaufman (admitted *pro hac vice*)
Texas State Bar No. 24060067
1717 Main Street, Suite 4200
Dallas, Texas 75201
Telephone: (214) 462-6400
Facsimile: (214) 462-6401
Email: jfine@dykema.com
aashmore@dykema.com
akaufman@dykema.com

*Attorneys for Defendants Michel B. Moreno and Turbine Generation Services, LLC*