**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: | ) Chapter 11 |
| | ) |
| GREEN FIELD ENERGY SERVICES, INC. et al., | ) Case No. 13-12783 (KG) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| ALAN HALPERIN, AS TRUSTEE OF THE GFES LIQUIDATION TRUST, | ) |
| | ) |
| Plaintiff, | ) Adv. Proc. No. 15-50262(KG) |
| | ) |
| vs. | ) **Re: Dkt. No. 183 & 193** |
| | ) |
| MOR MGH HOLDINGS, LLC, *et al.*, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| MICHEL B. MORENO and TURBINE GENERATION SERVICES, LLC; | ) |
| | ) |
| Defendants/Third-Party Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| GENERAL ELECTRIC CO. and GE OIL & GAS, INC., | ) |
| | ) |
| Third-Party Defendants. | ) |

## **MEMORANDUM OPINION**

Defendants Michael B. Moreno and Turbine Generation Services, LLC ("Defendants") have filed their Motion for Leave to File Third Party Complaint Against General Electric Co. and GE Oil & Gas, Inc. (collectively, "GE") (the "Motion"). D.I. 183. Defendants are seeking contribution from GE as aiders and abettors. In turn, GE has

---

responded to the Motion. D.I. 193.  GE's response is premature but raises the issue of subject matter jurisdiction which the Court is obligated to review in any event.[1]

## FACTS[2]

In relevant part, the Court approved the Second Amended Joint Plan of Liquidation (the "Plan") on April 23, 2014.  D.I. 885.  Among other things, the Plan created the GFES Liquidation Trust governed by the terms of the Liquidation Trust Agreement. D.I. 803.  The Trustee filed his Complaint against the Defendants on April 6, 2015.  Adv. D.I. 1.  The Trustee alleges in general that the Defendants committed a fraudulent transfer of technology known as "PowerGen," breached their fiduciary duties to Debtors, and wasted corporate assets.  In the Third-Party Complaint, Defendants charge GE with aiding and abetting their alleged wrong doing and ask for contribution from GE under the Delaware Uniform Contribution Among Tortfeasors Law ("DUCATL"), 10 Del. C. § 6302.

## ARGUMENT

GE asserts numerous bases for the Court to deny the Motion.  These include:

1.  The Court does not have jurisdiction over the third-party, non-debtor claims.

2.  The Court should abstain from hearing remote, non-debtor claims based on state law.  Further, the Court cannot enter final judgment on non-core, state law claims.

---

[1] GE could have waited to see if the Court granted the Motion and then moved to dismiss. They lack standing to respond to the Motion but the Court heard them because of their objection to jurisdiction.

[2] The Court issued a Memorandum Opinion and Order on August 31, 2015, denying the motion to dismiss of the Defendants and others.

3. Defendants and GE entered into loan documents which provide that New York State courts are the exclusive jurisdiction for disputes arising out of or related to the loan documents.

4. The Third-Party Complaint alleges that GE is directly liable to the Trustee in violation of Federal Rule of Civil Procedure 14.

5. The doctrine of *in pari dilecto* bars Defendants' effort to recover damages from GE.

6. The Third-Party Complaint asserts a joint venture between Defendants and GE which a New York court has rejected.

7. Allowing the Third-Party Complaint will complicate and delay trial.

8. Defendants agreed to indemnify GE against the claims raised in the Third-Party Complaint.

## I. The Motion for the Third-Party Complaint

Defendants correctly observe that GE has "voluntarily inserted themselves" and created controversy in an otherwise unopposed motion. Defendants' Brief, page 1. The Trustee does not object to the Motion and such motions should be freely granted if they will not "unduly complicate the trial, or would foster an obviously unmeritorious claim." *Nova Prods., Inc. v. Kisma Video, Inc.*, 220 F.R.D. 240, 240 (S.D.N.Y. 2004). Courts therefore consider the following factors

1. Delay or dereliction in filing the motion to file a third-party complaint;

2. Undue delay or complicating trial;

3. Prejudice to the third-party defendant; and

3

4.      Whether the third-party complaint states a claim upon which the court can grant relief. *Devon Mobile Commun's. Liquidating Trust v. Adelphia Commun's Corp.* (*In re Adelphia Commun's Corp.*), 322 B.R. 509 (Bankr. S.D.N.Y. 2005).

The Court is fully satisfied that the Motion is timely and would neither complicate nor delay trial to any great extent. Defendants filed the Motion within 60 days of GE's document production. Trial is not scheduled to begin until April 2017 and the Court would be amenable to a short adjustment of that date. Granting the Motion will also not complicate the trial. The Amended Complaint asserts claims for aiding and abetting breaches of fiduciary duty and granting the Motion will primarily only add parties to such claims.

Prejudice to GE is another argument GE might have made but did not. It appears that the New York and Louisiana state court actions do not touch on the allegations contained in the Third-Party Complaint. The state court proceedings between Defendants and GE relate to the loan documents, not breaches of fiduciary duty. Accordingly, GE is no more prejudiced in being added to the case than any party would be who is named in a lawsuit. If timing of discovery deadlines or trial would become difficult for GE, the Court would consider a request for an adjournment. The Court finds that the Motion is timely, would not unduly complicate or delay trial, and is not prejudicial to GE.

## II.    Subject Matter Jurisdiction

It is apparent to the Court that its decision on the Motion turns entirely on whether the Court has jurisdiction over the claims in the Third-Party Complaint. It is true, as

4

Defendants argued, that GE lacks standing to object to the Motion and GE should have waited until the Court granted the Motion and then moved to dismiss the Third-Party Complaint. Equally true, as GE asserts, the Court has an obligation of its own to determine if it has subject matter jurisdiction. The obligation to examine subject matter jurisdiction exists even when there is no objection. *Nuveen Mun. Trust v. Withumsmith Brown, P.C.*, 692 F. 3d 283, 293 (3d Cir. 2012); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

GE points out that bankruptcy jurisdiction extends to (1) core proceedings which arise under the Bankruptcy Code, (2) core proceedings which arise in a case under the Bankruptcy Code, and (3) non-core proceedings related to a case under the Bankruptcy Code. 28 U.S.C. § 1334(b); *In re Combustion Eng'g Inc.*, 391 F. 3d 190, 225 (3d Cir. 2004). It is clear that Defendants' claims against GE are non-core claims. They are not premised upon any provision of the Bankruptcy Code and are state law claims for breaches of fiduciary duties and aiding and abetting such breaches, and DUCATL claims.

Here, the Third-Party Complaint raises claims of non-debtors brought against other non-debtors who did not even file proofs of claim in the bankruptcy case. The Court's jurisdiction is therefore premised on whether the Third-Party Complaint raises claims related to the bankruptcy case and could have any effect on the bankruptcy estate. *Pacor, Inc. v. Higgins*, 743 F. 2d 984, 994 (3rd Cir. 1984). Generally, prior to confirmation, third party claims between non-debtors are beyond the bankruptcy court's jurisdiction. The general rule is not uniformly followed, however. In *Citigroup, Inc. v. Arthur Anderson LLP (In re Enron Corp.)*, 353 B.R. 51 (Bankr. S.D.N.Y. 2006), the court carefully analyzed

5

the jurisdictional foundation of bankruptcy courts and concluded that it did not have supplemental jurisdiction over a "non-federal claim in instances where that claim has no impact on the bankruptcy estate." *Id.* at 61. In *Enron*, the court dismissed a third-party complaint in which Citigroup sought contribution from Arthur Anderson. The court discussed the proposition that the "outer reaches of a bankruptcy court's subject matter jurisdiction are 'related to' jurisdiction". *Id.* at 60. The court further discussed "related to" jurisdiction and concluded, citing *Pacor*, 743 F. 2d at 994, that "related to" means the "outcome could alter the debtor's rights, liabilities, options of freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate." *Id.* (*quoting Pacor*, 743 F. 2d at 994).

Thereafter, in *Cavalry Construction, Inc. v. WDF, Inc.* (*In re Cavalry Const., Inc.*), 496 B.R. 106 (D.S.D.N.Y. 2013), the district court concluded that the court did have supplemental jurisdiction over a cross-claim for indemnification, relying on *Klein v. Civale & Trovato, Inc.* (*In re Lionel Corp.*), 29 F. 3d 88 (2d Cir. 1994). The district court, disagreeing with the *Enron* decision, therefore held that the bankruptcy court had properly exercised supplemental jurisdiction and it did not need to decide if the claims fell under "related to" jurisdiction.

The Third Circuit Court of Appeals takes a different view than did the court in *Cavalry Construction*, particularly post-confirmation. The "bankruptcy court's jurisdiction wanes" post-confirmation. *Nuveen Mun. Trust*, 692 F. 3d at 294. In *Binder v. Price Waterhouse & Co.* (*In re Resorts Int'l, Inc.*), 372 F. 3d 154, 167 (3d Cir. 2004), the Third Circuit held that bankruptcy courts have post-confirmation jurisdiction only where the

dispute has a "close nexus" to plans or proceedings. *Id.* at 167. The "close nexus" analysis applies regardless of whether the action is based on facts occurring before or after confirmation.

The Court therefore must base its decision on whether the claims in the Third-Party Complaint bear a close nexus to the plan or adversary proceeding. In *Resorts*, the Third Circuit defined "close nexus" as "[m]atters that affect the interpretation, implementation, consummation, execution, or administration of the confirmed plan . . . ."

The Court holds that it does not have subject matter jurisdiction over Defendants' Third-Party Complaint. First, the Trustee is not associated with the Third-Party Complaint except that he does not oppose the Motion. Second, the Third-Party Complaint does not have a close nexus to the plan or the pending adversary proceeding. The claims do not help to interpret, implement, consummate, execute or administer Debtors' plan of liquidation. *Resorts*, 372 F. 3d at 170. The Court relies on two cases in reaching its decision: *CIT Group/Equip. Fin., Inc. v. BDO Seiden, LLP*, No 09-413, 2009 WL 2171231, at *3 (W.D. Pa. July 21, 2009); and *Seagate Tech. (US) Holdings, Inc. v. Global Kato HG, LLC* (*In re Solyndra, LLC*), 2015 WL 6125246, at *7 (Bankr. D. Del. Oct. 16, 2015).

In *BDO Seiden*, in a post-confirmation suit which involved a single negligence claim between two non-debtors, the court found that the claims did not require interpretation of the plan, were to be determined solely by state law, did not involve the trustee and therefore did not have a close nexus to the plan. In *Seagate*, Judge Walrath found the absence of a close nexus in a breach of contract action between two non-debtors.

7

In *BDO*, where the court found that a close nexus did not exist, the court stated as follows:

> Even though this involves a liquidation Plan, it does not change the fact that this is a post-confirmation suit which involves a single negligent misrepresentation claim between two non-debtors that does not require a court to interpret or construe the Plan, that the claim is to be determined solely by state law, and that any recovery in this case is speculative and tenuous. This is not a case that involves the Trustee. Thus, I find that *In re Resorts, Int'l* governs this matter. Consequently, I find that BDO fails in its burden of showing, under its second argument, that there is a 'close nexus to the bankruptcy plan' for 'related to' jurisdiction to exist.

The Defendants argue as bases for jurisdiction that there is the necessary close nexus because (1) the Trustee might recover from GE and (2) Defendants' claims are for contribution and therefore are based on the same subject matter as the Trustee's suit against them. These are certainly good and valid arguments and were jurisdiction not the gravamen of GE's argument and the Court's independent concern, they would prevail. But they are not sufficient to create subject matter jurisdiction. In *Pacor*, 743 F. 2d at 994, the Third Circuit addressed and rejected the commonality argument. There, the Third Circuit held that:

> [T]he mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of section 1471(b). Judicial economy does not justify federal jurisdiction.

Section 1471(b) was the precursor of Section 1334(b). The commonality of the Third-Party Complaint with the Trustee's claims therefore does not bring the matter within the Court's jurisdiction. *See also In re Exide Techs.*, 544 F. 3d 196, 220 (3d Cir. 2008) (common

issues of fact do not compel Section 1334(b) jurisdiction). Commonality of fact and judicial economy are concepts of supplemental jurisdiction which bankruptcy courts do not possess. *See*, *e.g.*, *Samson Resources Co. v. J. Aron & Co.* (*In re Semcrude, LP*), 2010 WL 5140487 at *18 (Bankr. D. Del. Dec. 13, 2010).

The Defendants' argument that its claim against GE may increase the Trustee's recovery also does not help. Remember, the Third-Party Complaint belongs solely to Defendants. The Trustee did not name GE as defendants. It is therefore difficult to perceive how the claim for contribution could increase the Trustee's recovery. Moreover, the Third Circuit has held that the possibility of increase of a trust's assets is insufficient to confer jurisdiction on the bankruptcy court. *Resorts*, 372 F. 3d at 170-71.

The Court needs to address *AstroPower Liquidating Trust v. Xantrex Tech., Inc.* (*In re AstroPower Liquidating Trust*), 335 B.R. 309 (Bankr. D. Del. 2005). In *AstroPower*, the court held that because the plan specifically described an action and the relation of jurisdiction to liquidate the claim for the benefit of creditors, the court denied a motion to dismiss. The court ruled that it had "related to" jurisdiction over the non-core claims. The Delaware bankruptcy court thus found that it had subject matter jurisdiction in the aftermath of *Resorts* and other cases. *AstroPower* does not, however, help Defendants because it involved an action brought directly by a liquidating trustee and not, as here, a third-party complaint. Indeed, the *Seagate* decision brings the absence of supplemental jurisdiction into clearer focus.

Case 15-50262-KG    Doc 230    Filed 07/11/16    Page 10 of 14

III.    Other Defenses

The Court is denying the Motion. It will address the remainder of GE's arguments to complete the analysis.

*1. Abstention*

GE claims that the Court should abstain from adjudicating the claims in the Third-Party Complaint and instead allow the matters raised to be heard in the New York State court proceedings. GE asks the Court to exercise permissive abstention pursuant to 28 U.S.C. § 1334 (c)(i). Abstention is not appropriate. The claims in the Third-Party Complaint relate directly to the Trustee's claims in the adversary proceeding. Moreover, the New York case involves claims which are not raised here. The Court rejects GE's argument that the state law claims, pending state court proceedings and lack of effect on the bankruptcy case favor abstention. The adversary proceeding is pending before the Court and the claims against GE which arise from those claims would also belong before the Court.

*2. Defendants Lack Standing*

The Third-Party Complaint is a joint tortfeasor pleading. Defendants claim that to the extent the Court finds that they are liable to the trust, GE aided and abetted their wrongdoing and must contribute to any damages. GE argues that Defendants allege harm not to themselves but to the Trustee and therefore lack standing to bring the Third-Party Complaint. GE's argument on this point finds no favor with the Court. Federal Rule of Civil Procedure 14 is designed to permit aiding and abetting and contribution claims and the Court disagrees with GE that the Defendants lack standing to assert those

claims. Rule 14(a)(1) specifically provides that: "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty, who is or may be liable to it for all or part of the claim against it." The Third-Party Complaint raises claims in the nature of aiding and abetting and for contribution.

　　3. *New York is the Exclusive Forum*

The Loan Documents provide that:

EACH PARTY HERETO IRREVOCABLY AND UNCONDITIONALLY SUBMITS FOR ITSELF AND ITS PROPERTY, TO THE EXCLUSIVE JURISDICTION OF THE COURTS OF THE STATE OF NEW YORK SITTING IN THE BOROUGH OF MANHATTAN IN NEW YORK COUNTY, AND ANY APPELLATE COURT FROM ANY THEREOF, IN ANY ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THIS NOTE OR ANY OTHER LOAN DOCUMENT, OR FOR RECOGNITION OR ENFORCEMENT OF ANY JUDGMENT. . ..

*See*, *e.g.*, Guarantee Agreement, dated May 13, 2013, between Michael B. Moreno and GE, Section 15.

　　GE argues correctly that a forum selection clause should be enforced. *In re Exide Techs.*, 544 F. 3d 196, 218 n. 15 (3d Cir. 2008). The problem with GE's argument is that the Third-Party Complaint does not raise any issue about loan documents. The Court therefore rejects the argument. The adversary proceeding to which the Third-Party Complaint relates involves, in part, claims that parties breached their fiduciary duties to Debtors and their creditors.

　　4. *Direct Liability to Trust*

　　GE next argues that Defendants do not allege that if they are liable to the Trustee, then GE is liable to them. Instead, Defendants are using the Third-Party Complaint to

cause GE to be liable to the Trustee. *See, e.g., Storino v. Borough of Point Pleasant Beach*, 322 F. 3d 293, 296 (3d Cir. 1980); *National Fire Ins. Co. v. Daniel J. Keating Co.*, 35 F.R.D. 137, 139 (W.D. Pa. 1964). The Third-Party Complaint is, however, one which brings claims of aiding and abetting and asks for contribution. As such it is sufficient since what Defendants claim is that GE should share in liability for any relief to which the Trustee is entitled. The Court therefore rejects GE's argument.

　　5.　*Doctrine of In Pari Delicto*

GE claims that Defendants' own wrongful misconduct bars recovery against GE under the *in pari dilecto* doctrine. The doctrine is an affirmative defense whereby "a party is barred from recovering damages if his losses are substantively caused by activities the law forbade him to engage in." *Stewart v. Wilmington Tr. SP Services, Inc.*, 112 A. 3d 271, 201-02 (Del. Ch. 2015), aff'd, 126 A. 3d 1115 (Del. 2015), *quoting In re Am. Int'l Gp., Inc., Consol. DERIV. Litig.*, 976 A. 2d 872, 883 (Del. Ch. 2009).

The Court recognizes that courts have applied the *in pari delicto* defense on motions to dismiss. The Court, however, would not have ruled on this aspect of the defense at this time. The reason for deferring the ruling is that Defendants' conduct remains alleged and the Court would want to know more than is available at the motion to dismiss stage. The Court also does not believe that a claim for contribution is subject to the defense.

　　6.　*Estoppel from Claiming Joint Venture*

GE claims that whether they formed a joint venture with Defendants is an issue barred by a decision of the New York Supreme Court that there was no joint venture. GE argues that the claim is barred by collateral estoppel. GE further argues that Defendants'

"entire theory of the GE Entities' liability in the Proposed Complaint is premised on the existence of a (non-existent) joint venture among the parties." GE's Br., at page 25.

It is difficult for the Court to understand how it makes a difference to Defendants claims against GE whether or not a joint venture existed. Defendants deny any difference and also refute that the New York court's ruling is collateral estoppel – the decision was marked "Non-Final Disposition."

In any event, the Court finds that it does not matter to Defendants' claims whether there was or was not a joint venture. The Defendants' claims are for aiding and abetting their alleged breaches of fiduciary duty and for contribution. A joint venture is not relevant to either.

*7. If Granted, the Motion will Complicate and Delay*

GE refers to delay in the scheduled trial were the Court to have granted the Motion. Expediency should not interfere with doing what the Court believes is correct. Thus, a delay in trial is not a reason to deny the Motion.

*8. Indemnification*

Lastly, GE claims that Defendants agreed to indemnify and hold harmless GE from any claims arising out of the Loan Documents. The indemnity provisions of the Loan Documents are beyond the Motion, and do not provide a basis for relief to GE.

## **CONCLUSION**

The Court has explained its decision for denying the Motion. An appropriate Order will issue.

Dated: July 11, 2016                                    _____
                                                                                   KEVIN GROSS, U.S.B.J.