# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GREEN FIELD ENERGY SERVICES, INC., *et al.*, | ) Case No. 13-12783(KG) |
| | ) |
| Debtors. | ) |
| ALAN HALPERIN, AS TRUSTEE OF THE | ) |
| GFES LIQUIDATION TRUST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adv. Pro. No. 15-50262(KG) |
| | ) |
| MICHEL B. MORENO, *et al.*, | ) |
| | ) |
| Defendants. | ) **Re D.I. No. 341** |

## OPINION ON MOTION TO ABATE

### INTRODUCTION

Defendant Michael B. Moreno ("Moreno") together with the other named defendants (the "Defendants") have filed their Motion to Abate Adversary Proceeding Pending Ruling on Motions for Leave to Appeal and to Withdraw the Reference (the "Motion") (D.I. 341) pending a ruling by the District Court on two motions filed there. The Defendants argue that the Court should abate the adversary proceeding until the District Court has ruled on the motion for leave to appeal (the "Appeal Motion") which Moreno and Turbine Generation Services, LLC ("TGS") filed; and the motion to withdraw the reference (the "Withdrawal Motion"). The Defendants are asking the Court to

"pause" the adversary proceeding until the District Court decides the Appeal Motion and the Withdrawal Motion. The Court will deny the Motion for reasons which follow.

## JURSIDICTION

The Court's jurisdiction is based on 28 U.S.C. §§ 157 and 1334. The adversary proceeding is core pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1409(a).

## FACTS

Alan Halperin, the Trustee of the GFES Liquidation Trust (the "Trustee"), filed this adversary proceeding on April 6, 2015, following confirmation of the plan of liquidation of debtors Green Field Energy Services, Inc., *et al.* (the "Debtors" or "GFES"). The complaint alleges that Moreno was the transferee of a fraudulent transfer, and that an entity of Moreno's, MOR MGH, LLC, breached two contracts requiring the purchase of preferred stock to fund GFES. The adversary proceeding is now operating on its Second Amended Complaint. The Court has denied a motion to dismiss and considerable discovery has taken place. Briefing is taking place on the Trustee's motion for partial summary judgment and the Court has scheduled trial to begin on December 11, 2017.

One year after the Trustee commenced the adversary proceeding, Moreno and TGS sought leave to file a third-party complaint (the "Third-Party Motion") against General Electric Company ("GE") and General Electric Oil and Gas, Inc. (collectively, "GE"). The third-party complaint alleged that GE was liable for contribution. The Court denied the Third Party Motion on the ground that it did not have subject matter jurisdiction. D.I. 230. On July 25, 2016, Moreno and TGS filed with the District Court the

Appeal Motion and notice of interlocutory appeal to enable the defendants to take an interlocutory appeal from the Court's denial of the Third-Party Motion. The Appeal Motion has been fully briefed and remains pending.

On November 22, 2016, Moreno and TGS filed the Withdrawal Motion so they can add GE as a party and avoid the Court's jurisdiction limitation (D.I. 271, 273 and 274). The Withdrawal Motion has been fully briefed and remains pending in the District Court.

## DISCUSSION[1]

The Defendants are asking the Court to stay the adversary proceeding. There are four factors which courts evaluate before staying an action: (1) the likelihood that the movant will prevail on the merits, (2) whether the movant will suffer irreparable harm if the court denies the stay, (3) that non-movant will not be harmed if the stay is imposed and (4) granting the stay will serve the public interest. *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F. 2d 653, 658 (3d Cir. 1991) (stay denied pending interlocutory appeal using four factor review).

(1) <u>Success on the Merits</u>

Defendants bear the burden before the District Court to show that the withdrawal of the reference is appropriate. *IRS v. CM Holdings, Inc.* (*In re CM Holdings, Inc.*), 221 B.R. 715, 721 (D. Del. 1998). They seek permissive withdrawal of the reference under 28 U.S.C. § 157(d) which requires "cause shown."

---

[1] The Court primarily addresses the Withdrawal Motion rather than the Appeal Motion. The legal discussion applies equally to both. The Court finds it unlikely that the District Court will grant the Appeal Motion and staying the adversary proceeding until a decision on the Appeal Motion would harm the Trustee and creditors.

GE opposes the Withdrawal Motion pending before the District Court.  A motion to withdraw the reference requires a "timely motion."   28 U.S.C. § 157(d).  Defendants waited a year after the commencement of the adversary proceeding to move to add GE as a third-party defendant and when the Court denied the Third-Party Motion on July 25, 2016, Defendants waited four months (to November 22, 2016) to seek the withdrawal of the reference.[2]  Certainly, the Withdrawal Motion was not timely filed.  In the meantime, the adversary proceeding has developed.  Discovery is complete and the Court has set a trial date beginning December 11, 2017.  *See*, *e.g. U.S. v. Kaplan*, 146 B.R. 500, 504 (D. Mass. 1992) ("As a bankruptcy proceeding becomes more developed, complicated and involved, a court is more likely to find a motion untimely").

Timeliness aside, courts must consider four other factors on a motion to withdraw the reference, which the Court is weighing on the issue of the likelihood of success.  They are (1) promoting uniformity of bankruptcy administration, (2) reducing forum shopping and confusion, (3) fostering economical use of debtor-creditor resources and (4) expediting the bankruptcy process.  *Am. Classic Voyages Co. v. Westaff* (*In re Am. Classic Voyages Co.*), 337 B.R. 509, 511 (D. Del. 2006).

It is clear to the Court that the Defendants do not satisfy any of the foregoing factors.  The Defendants' contribution claim against GE requires the Trustee to be successful in his claims against the Defendants.  If the Trustee loses, the Defendants' suit

---

[2]  Defendants argued that they were in settlement discussions at the time and therefore did not file the Withdrawal Motion.  They could have filed the Withdrawal Motion and asked the District Court to abate the briefing.  Waiting four months to file the Withdrawal Motion was surely not timely.

against GE is gone. Should the Trustee prevail, a separate action against GE will be more straightforward. Withdrawal of the reference will delay trial and add to the Trustee's costs. Further, a stay of the adversary proceeding will delay resolution.

Similarly, the Appeal Motion is unlikely to succeed. The Court's denial of the Third Party Motion which is the subject of the appeal does not impair the Defendants' right to proceed against GE for contribution – just not in the adversary proceeding. Moreover, interlocutory appeals are granted "sparingly and only in exceptional cases." *In re City of Memphis*, 293 F. 3d 345, 350 (6th Cir. 2002). The Court therefore finds that Defendants are not likely to succeed on the Appeal Motion.

The foregoing discussion indicates why the Court is convinced that withdrawal and a successful appeal are not likely. Accordingly, the Defendants' Withdrawal Motion and Appeal Motion are unlikely to succeed on the merits.

(2) <u>Irreparable Injury to Defendants</u>

The Defendants will not be irreparably harmed if the Court does not stay the adversary proceeding. Again, if the Trustee is unsuccessful the Defendants need not litigate against GE. Should the Trustee prevail, the Defendants are free to litigate their contribution claim against GE. As for the Appeal Motion, "the possibility that an appeal may become moot does not constitute irreparable harm for purposes of obtaining a stay." *Morris Propp II v. Swift Energy Co.* (*In re Swift Energy Co.*), 2016 WL 3566962, at *7 (D. Del. June 29, 2016).

(3) <u>Harm to Non-movants</u>

A stay of the adversary proceeding will indeed harm the Trustee and the creditors of GFES on whose behalf he brings suit. The delay arising from a stay has the potential to delay creditor recoveries should the Trustee succeed. A stay of the adversary proceeding "will serve to carry on the delays that Debtor has been so successful in achieving to date, to the immediate and irreparable detriment of her creditors and her estate," *Taylor v. Winnecour* (*In re Taylor*), 450 B.R. 577, 580 (Bankr. W.D. Pa. 2011).

(4) <u>The Public Interest</u>

There is no question that the indefinite delay that a stay or an appeal will create is contrary to the public interest. A prompt resolution of the Trustee's claims against the Defendants is in the clear interest of creditors. "The public interest in the expeditious administration of bankruptcy cases is impaired by obstructing a trustee's efforts to collect, liquidate and distribute assets to creditors of the estate. *Carroll v. Unicom AP Chem. Corp.* (*In re MGL Corp.*), 262 B.R. 324, 330 (Bankr. E.D. Pa. 2001) (*citing Kozyak v. Poindexter* (*In re Financial Federated Title & Trust, Inc.*), 252 B.R. 834, 839 (Bankr. S.D. Fla. 2000). The Defendants' argument that much effort will be wasted if they succeed on the Appeal Motion and Withdrawal Motion does not change the Court's Opinion. Preparing for trial will not be wasted effort.

**CONCLUSION**

The Court holds that the Defendants have not met their burden to show cause to stay the adversary proceeding and staying the adversary proceeding indefinitely would do a great disservice to the Trustee, creditors of the estate and to the administration of the case. Therefore, the Court will deny the Motion and issue an Order consistent with this Opinion.

Dated: June 23, 2017

*Kevin Gross*
KEVIN GROSS, U.S.B.J.