**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>GREEN FIELD ENERGY SERVICES, INC., *et al.*,<br><br>       Debtors. | Chapter 11<br><br>Case No. 13-12783 (KG)<br><br>(Jointly Administered) |
| ALAN HALPERIN, AS TRUSTEE OF THE GFES LIQUIDATION TRUST,<br><br>       Plaintiff,<br><br>v.<br><br>MICHEL B. MORENO; MOR MGH HOLDINGS, LLC; MOR DOH HOLDINGS, LLC; MOODY, MORENO AND RUCKS, LLC; SHALE SUPPORT SERVICES, LLC; DYNAMIC GROUP HOLDINGS, LLC; DYNAMIC INDUSTRIES, INC.; FRAC RENTALS, LLC; TURBINE GENERATION SERVICES, LLC; AERODYNAMIC, LLC; CASAFIN II, LLC; MORENO PROPERTIES, LLC; ELLE INVESTMENTS, LLC; LQT INDUSTRIES, LLC K/A DYNAMIC ENERGY SERVICES INTERNATIONAL LLC; ENRIQUE FONTOVA; CHARLIE KILGORE; MARK KNIGHT,<br><br>       Defendants. | Adv. Pro. No. **15-50262 (KG)**<br><br><br><br><br>Re: **D.I. 38, 169, 234, 241, 267, 317, 388** |



## ~~[PROPOSED]~~ SIXTH REVISED SCHEDULING ORDER

The Court having conducted an initial Rule 16 scheduling and planning conference

pursuant to District Court Local Rule 16.1 on July 28, 2015, entered a scheduling order on July

28, 2015. The Court entered a revised scheduling order on March 9, 2016 [Dkt. 169]. The Court

entered a Second Revised Scheduling Order, at the request of the Parties, on July 22, 2016 [Dkt.

234], a Third Revised Scheduling Order, at the request of the Parties, on September 29, 2016

[Dkt. 267], a Fourth Revised Scheduling Order, at the request of the Parties, on February 16,

2017 [Dkt. 317], and a Fifth Revised Scheduling Order on June 7, 2017 [Dkt. 388].  In accordance with the Court's request, at the hearing on the Parties' motions for summary judgment on September 6, 2017, that the Parties agree to a new trial date, the Parties now jointly request that the below Sixth Revised Scheduling Order be entered.

IT IS ORDERED that:

**1.     Rule 7026(a)(1) Initial Disclosures**

Initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), made applicable to this adversary proceeding by Bankruptcy Rule 7026, have been completed.

**2.     Mediation**

Mediation took place in January 2016.

**3.     Discovery Schedule**

a. Fact Discovery.  All discovery, other than expert discovery, was completed on or before April 7, 2017.

b. Expert Discovery

i.     *Expert Designations and Disclosures.*  The Parties filed their initial Bankruptcy Rule 7026(a)(2) disclosures of expert testimony to be used in their case in chief on or before April 21, 2017; and disclosures contradicting or rebutting evidence on the same subject matter identified by another party were filed on or before May 12, 2017.

ii.     *Closure of Expert Discovery.*  All expert discovery was completed by June 1, 2017.

iii.   Objections to expert testimony made pursuant to the principals announced in *Daubert v. Merrell Dow Pharm, Inc.*, 509 U.S. 579 (1993), were made by motion on June 29, 2017, with briefing completed on August 10, 2017.

**4.   Discovery Disputes**

The parties shall not file discovery motions unless the Court requests briefing. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at **(302) 252-2913, extension 3,** to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a statement, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and/or summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a statement, not to exceed three pages, outlining that party's reason for its opposition. Should the Court find itself unable to resolve the disputes in the telephone conference, the Court will order motion and briefing practice. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph. The Court will accept and encourages telephone calls during depositions in an attempt to resolve disputes arising in the course of the deposition without delay or the need for extensive briefing.

**5.   Application to Court for Protective Order**

A protective order has been entered by the Court in this proceeding.

**6.   Papers filed under Seal**

When filing papers under seal, counsel should deliver to Chambers an original and one copy of the papers.

**7.     Interim Status Report**

Interim Status Reports have been filed with the Court.

**8.     Status Conference**

The Court may hold a Rule 16(a), (b) and (c) conference by telephone with counsel as it deems necessary and will notify the Parties of any conferences that may be scheduled. Plaintiff's counsel shall initiate the telephone call.  If all parties agree that there is nothing to report, nor anything to add to the interim status report to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

**9.     Case Dispositive Motions**

All case dispositive motions and accompanying briefing and affidavits, if any, in support of the motion were served and filed on or before June 30, 2017.  Briefing was completed on August 17, 2017.

**10.     Application by Motion**

Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk.  Any non-dispositive motion should contain the statement required by District Court Local Rule 7.1.1.

**11.     Pretrial Conference**

On March 6, 2018, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 2 p.m. ET.  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3) and Bankruptcy Rule 7026(a)(3).  The parties shall file with the

Court the joint proposed final pretrial order with the information required by the form of Final

Pretrial Order no later than February 13, 2018.

**12.    Motions in Limine**

No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted

by the Court. All *in limine* requests and responses thereto shall be set forth in the proposed

pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted

by the Court. The *in limine* request and any response shall contain the authorities relied upon;

each *in limine* request may be supported by a maximum of five pages of facts and argument. If

more than one party is supporting or opposing an *in limine* request, such support or opposition

shall be combined in a single five (5) page submission, unless otherwise ordered by the Court.

**13.    Pre-Trial Briefs**

Parties may, or shall if the Court requires, file a pre-trial brief. In order to preclude an

advantage to a party, the parties should submit and exchange briefs at the pre-trial conference.

**14.    Trial**

This matter is scheduled for a 5-day trial beginning at 9:30 a.m. ET on March 19, 2018.

Dated: September 13, 2017

_____
The Honorable Kevin Gross
United States Bankruptcy Judge