## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GREEN FIELD ENERGY SERVICES, INC., | ) | Case No. 13-12783 (KG) |
| *et al.*, | ) | (Jointly Administered) |
| | ) | |
| _____Debtors._____ | ) | |
| ALAN HALPERIN, AS TRUSTEE OF THE | ) | |
| GFES LIQUIDATION TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 15-50262 (KG) |
| | ) | |
| MICHEL B. MORENO; MOR MGH | ) | |
| HOLDINGS, LLC; MOR DOH HOLDINGS, | ) | |
| LLC; SHALE SUPPORT SERVICES, LLC; | ) | |
| DYNAMIC GROUP HOLDINGS, LLC; | ) | |
| DYNAMIC INDUSTRIES, INC.; FRAC | ) | |
| RENTALS, LLC; TURBINE GENERATION | ) | |
| SERVICES, LLC; AERODYNAMIC, LLC; | ) | |
| CASAFIN II, LLC; MORENO PROPERTIES, | ) | |
| LLC; ELLE INVESTMENTS, LLC; LQT | ) | |
| INDUSTRIES, LLC (k/a DYNAMIC ENERGY | ) | |
| SERVICES INTERNATIONAL LLC, | ) | |
| | ) | |
| _____Defendants._____ | ) | **Re: D.I. 466** |

### MEMORANDUM ORDER REGARDING DEFENDANTS'
### MOTION TO AMEND OPINION AND ORDER REGARDING
### CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT

Defendants filed their *Motion to Amend Opinion and Order Regarding Cross-Motions*

*for Partial Summary Judgment Pursuant to Federal Rule of Bankruptcy Procedure 9023* (the

"Cross-Motions"), seeking clarification of liability for Michel B. Moreno ("Moreno")

under 11 U.S.C. § 550(a)(1) as it relates to Counts 19, 21, 23, and 24 of the Complaint.[1]  In the Opinion, the Court neglected to address the parties' arguments regarding Moreno's status as an "ultimate beneficiary" under 11 U.S.C. § 550(a)(1).  The Court addresses the issue now.

Under Section 550(a)(1) of the Code, a party may recover an avoidable transfer from "the initial transferee of such transfer or the entity for whose benefit such transfer was made."  The Trustee alleges that Moreno, through his ownership of and activity in Aerodynamic, Casafin, Frac Rentals and TGS, is a party for whose benefit the avoidable transfers were made, making him an ultimate beneficiary.[2]  Defendants argue that Moreno is not an ultimate beneficiary, and at the very least the Trustee has not met his burden of showing that there is no material fact in dispute.

In *McCook Metals*, Chief Judge Eugene R. Wedoff outlined a three-part test to determine whether or not a party could be considered an ultimate beneficiary of a transfer. *See Baldi v. Lynch (In re McCook Metals, LLC)*, 319 B.R. 570, 590-594 (Bankr. N.D. Ill. 2005); *see also Bonded Financial Services, Inc. v. European American Bank*, 838 F.2d 890 (7th Cir. 1988).  To recover a transfer under Section 550(a)(1) from an ultimate beneficiary, a party must show: "(1) it must actually have been received by the beneficiary; (2) it must be quantifiable; and (3) it must be accessible to the beneficiary." *Id*. at 590.  In addressing

---

[1] In the interest of brevity, the Court incorporates the defined terms in its January 24, 2018, opinion (the "Opinion"). *See Halperin v. Moreno, et al. (In re Green Field Energy Services)*, 2018 WL 539818 (Bankr. D. Del. Jan. 24, 2018).

[2] While the phrase "ultimate beneficiary" is not found in Section 550(a)(1), the Court uses this phrase to represent an entity for whose benefit such a transfer is made under Section 550(a)(1).

the first element, the *McCook Metals* court stated that "an actual benefit rather than a merely intended one must be received in order for the beneficiary to be liable under § 550(a)(1)." The *McCook Metals* court's reading of the Code is consistent with at least one other court's findings. *Id.* at 591 (citing *Bonded Financial*, 838 F.2d at 895).

The Court finds that there is a genuine issue of material fact in dispute as to whether Moreno was the ultimate beneficiary of the four transfers made. Referring first to the Aerodynamic Transfer and the Casafin Transfer, the Trustee argues that since Moreno was a 50% owner and manager of both companies, he actually received the benefits of the transfers just as the transferee in *McCook Metals* did.

In *McCook Metals*, the ultimate beneficiary, Lynch, received a right to purchase assets from another entity, Longview. The plaintiff alleged that this right to purchase was fraudulently transferred. *Id.* at 587. At trial, Chief Judge Wedoff found that Lynch actually received the right to the Longview assets, with his value in those rights being a 56% interest. *Id.* The *McCook Metals* court understood the 56% share interest mentioned to be the value Lynch controlled, not the actual benefit received. *Id.*

In Moreno's case, it was already established that he owned a 50% interest in both Casafin and Aerodynamic. He did not obtain his interest through the Casafin Transfer or Aerodynamic Transfer. Here, the transfers in question were monetary payments. Therefore, the Trustee must prove that Moreno received an actual benefit from those payments. The Trustee's claim that Moreno was the ultimate beneficiary simply because

he held a 50% stake is too conclusory at this stage of the proceedings.[3]  At trial the Trustee must prove that "an actual benefit rather than a merely intended one" was received by Moreno.[4] *Id.* at 591.

The Trustee faces the same issue in proving an actual benefit to Moreno regarding TGS and Frac Rentals.  TGS and Frac Rentals are owned in part by MOR DOH, which is itself owned by the DOH GRAT.  As Defendants point out, the Trustee's evidence shows that any annuity payments made to Moreno from the DOH GRAT are allegedly based on the valuation of Dynamic Offshore Holdings LP. Stoll Decl. Ex. 3, pgs. 8-9.  The Court has not received sufficient evidence from the Trustee to demonstrate how the payments to MOR DOH were calculated in relation to the valuation of Dynamic Offshore Holdings

---

[3] The Trustee also cites to *Official Comm. Of Unsecured Creditors of Buckhead Am. Corp. v. Reliance Capital Grp. (In re Buckhead Am. Corp.)*, 178 B.R. 956 (D. Del. 1994) in support of his position.  The court in that case did state ownership, dominion and control over another party who was the direct transferee were sufficient grounds to show such a party may be an "entity for whose benefit such a transfer was made" under Section 550(a)(1).  However, the court was addressing whether or not such a claim was sufficient at the motion to dismiss stage. *Id.* at 962. The court allowed the claim to proceed in the case "because the issue of the precise facts which must be **proven** in order for plaintiff to prevail on this claim [was] not presently before the [c]ourt." *Id.* at 962 n. 11 (emphasis in original).  In a summary judgment motion, facts and their sufficiency are before the Court.  The Trust has not proven the facts necessary to show that Moreno is the ultimate beneficiary.  He may be, of course, but that will have to be established at trial.

[4] The Trustee's reference to *Nickless v. Golub (In re Worcester Quality Foods, Inc.)*, 152 B.R. 394 (Bankr. D. Mass 1993) is similarly unpersuasive.  *Worcester* foods was decided after a trial, and the court's statement that the transferees in that case were the ultimate beneficiaries is conclusory with no legal or factual analysis surrounding such a finding. *See id.* at 402-04.  The Court cannot glean from the opinion how the *Worcester* court came to its conclusion and therefore cannot rely on the case to support a finding in favor of the Trustee.

LP and, furthermore, how Moreno would actually receive payments.[5]  Thus, there is a genuine issue of material fact: did Moreno receive an actual benefit?

Moving forward in the *McCook Metals* test, the Trustee has met his burden of showing the benefit is quantifiable.  In *McCook Metals*, the court grappled with the value of the interest Lynch acquired when he obtained the right to purchase Longview's assets. *McCook Metals*, 319 B.R. at 582-85, 92.  The court used an expert's detailed report to help calculate the value of Longview's operations.  *Id.*  By using this valuation, the *McCook Metals* court found that Lynch's right in the assets could be quantified should he be found to be an ultimate beneficiary. *Id.* at 592.  In Moreno's case, the amount of the transfers is known, and the Trustee has shown that Moreno had a certain interest in the companies that received the transfers.  The Court does not need a detailed calculation to show that the transfers at issue can be quantified should Moreno be found to be an ultimate beneficiary.

Defendants argue that the *McCook Metals* court performed a detailed calculation on its own to determine the quantifiable benefit, but Defendants misread the opinion. The *McCook Metals* court performed its own detailed calculation to measure the value of the transfer under Section 550, which states "the trustee may recover…the value of such property…" from an entity for whose benefit such transfer was made, once it found Lynch to be an ultimate beneficiary. *Id.* at 593.  The Trustee need only show the benefit

---

[5] MOR DOH is itself owned by a combination of four trusts.  While Moreno receives an annual distribution, the remainder of the funds go to a trust remainder beneficiary, which is a separate trust established for the benefit of Moreno's children. Moreno Decl. ¶¶ 3-5.

received *can be* quantified to establish ultimate beneficiary status.  Once that is established, then the Trustee must demonstrate the value by actually quantifying the benefit.

Regarding the third and final element of the *McCook Metal* test, the Trustee has not met his burden of providing evidence to show Moreno had access to the benefit.  Control of an entity is not enough to show access to the benefit.  The party must show that there was actual access. *Id*. at 592.  Percentage interests and annual payments are not enough to show, as a legal conclusion, that Moreno had access to the transfers.

The Trustee has not established that Moreno received an actual benefit or that Moreno had access to the benefit, but has established that the benefit is quantifiable.  The amounts avoidable set out in the Opinion remain, but the Trustee has not yet established that Moreno was the ultimate beneficiary of such transfers and therefore liable for the amounts avoidable.  The proof must be established at the upcoming trial.  Should the Trustee establish ultimate beneficiary status at trial, he must then prove to the Court the value of the transfer as it pertains to Moreno.

Dated:  February 27, 2018

KEVIN GROSS, U.S.B.J.