## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GREEN FIELD ENERGY SERVICES, INC., *et al.*,<br><br>    Debtors. | Chapter 11<br><br>Case No. 13-12783 (KG)<br><br>(Jointly Administered) |
| ALAN HALPERIN, AS TRUSTEE OF THE GFES LIQUIDATION TRUST,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHEL B. MORENO; MOR MGH HOLDINGS, LLC; FRAC RENTALS, LLC; TURBINE GENERATION SERVICES, LLC; AERODYNAMIC, LLC; CASAFIN II, LLC<br><br>    Defendants. | Adv. Pro. No. 15-50262 (KG) |

**MOTION OF PLAINTIFF ALAN HALPERIN, TRUSTEE OF THE GFES LIQUIDATION TRUST, TO STRIKE DEFENDANTS' LIMITED OBJECTION TO THE BANKRUPTCY COURT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW [D.I. 550]**

Dated: Wilmington, Delaware
   October 29, 2018

**DRINKER BIDDLE & REATH LLP**

By: */s/ Patrick A. Jackson*
Steven K. Kortanek (Del. Bar No. 3106)
Patrick A. Jackson (Del. Bar No. 4976)
Joseph N. Argentina, Jr. (Del. Bar No. 5453)
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 467-4238
Facsimile: (302) 467-4201
Email: Steven.kortanek@dbr.com
   Patrick.jackson@dbr.com
   Joseph.argentina@dbr.com

– and –

**BROWN RUDNICK LLP**
Robert J. Stark (admitted *pro hac vice*)
Marek P. Krzyowski (admitted *pro hac vice*)
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
E-mail: RStark@brownrudnick.com
        MKrzyzowski@brownrudnick.com


        – and –

James W. Stoll (admitted *pro hac vice*)
Melanie Dahl Burke (admitted *pro hac vice*)
Brian M. Alosco (admitted *pro hac vice*)
One Financial Center
Boston, MA  02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201
Email: JStoll@brownrudnick.com
       MBurke@brownrudnick.com
       BAlosco@brownrudnick.com

Joel S. Miliband (admitted *pro hac vice*)
2211 Michelson Drive, 7th Floor
Irvine, CA 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514
Email: JMiliband@brownrudnick.com

*Counsel for Plaintiff Alan Halperin, as Trustee
of the GFES Liquidation Trust*

**NATURE AND STAGE OF THE PROCEEDING**

Plaintiff Alan Halperin, in his capacity as Trustee ("Trustee") of the GFES Liquidation Trust ("Trust"), by and through his undersigned counsel, hereby submits this Motion to Strike ("Motion") *Defendants' Limited Objection Under Federal Rule of Bankruptcy Procedure 9033 to the Proposed Findings of Fact and Conclusions of Law* [D.I. 550] (the "Objection"). In support of this Motion, the Trustee respectfully states as follows:

**SUMMARY OF THE ARGUMENT**

As the Trustee predicted they would, Defendants, following the filing of their so-called Motion to Amend the Court's Proposed Findings and Conclusions, as well as their Motion for an Extension of Time to Object, have simply filed a newly minted so-called Objection with the potential "extra" time allotted by Federal Rule of Bankruptcy Procedure 9033, despite the absence of a ruling on the latter motion by this Court. On the one hand, Defendants originally asked this Court to consider their so-called Motion to Amend as their Objection, should their Motion for an Extension of Time not be granted; on the other, they have taken it upon themselves to lob in another pleading – this one expressly titled "Objection." Collectively, the two pleadings span to eighty-two (82) pages[1] and detail Defendants' distress over this Court's Proposed Findings and Conclusions. Defendants even propose to include in their Appendix to the District Court their earlier filed Motion to Amend, which of course was not part of the trial record. Apparently, they hope that in saying everything twice, their consternation may come off as more persuasive. The Court should strike the newly filed Objection and not send it along to

---

[1] Defendants purport to incorporate by reference into their "Suggestion" in support for their "Objection" [D.I. 552] their Memorandum in Support of their Motion to Amend. D.I. 552 at ¶ 8 n.3. They also include that Memorandum in their Appendix in support of the "Objection." D.I. 554 at APP 0132 - APP 0180. They have also sought leave to exceed the forty (40)-page limit with respect to their "Suggestion" as that brief runs to forty-two (42) pages. D.I. 551. Although they do not articulate it as such, in essence what Defendants seek leave to present to the District Court is the same assertions argued from two different vantage points in eighty-two (82) pages of briefing.

the District Court. Defendants have brazenly flouted the Bankruptcy Rules, and now ask this Court to allow them to do so with impunity. Defendants act as if the Bankruptcy Rules should not and do not apply to them. The Court should not countenance such behavior by striking the most recently filed Objection and relegating Defendants to their first filed forty (40)-page objection.

## STATEMENT OF FACTS

On September 12, 2018, the Court issued its *Findings of Fact and Conclusions of Law* [D.I. 535] ("Opinion"). That same day, the Trustee's counsel caused the Opinion to be served on Defendants. [D.I. 536]. On September 18, 2018, the Court entered the *Order* [D.I. 540] related to the Opinion. Also on September 18, 2018, the Clerk's Office filed and served the *Notice of Proposed Findings and Conclusions* [D.I. 539] pursuant to Bankruptcy Rule 9033. On October 2, 2018, the last day for filing, Defendants also filed a forty (40)-page *Motion and Brief of Defendants Michel B. Moreno and MOR MGH Holdings, LLC to Amend Opinion (D.I. 535) and Order (D.I. 540) Pursuant to Federal Rule of Bankruptcy Procedure 9023* [D.I. 544] (the "Motion to Amend Opinion and Order"). On the same day, Defendants filed their *Motion for Extension of Time to File Objections to Proposed Findings of Fact and Conclusions of Law* [D.I. 545] (the "Motion for Extension of Time") seeking the additional twenty-one (21) days allotted by Bankruptcy Rule 9033.

On October 16, 2018, the Trustee filed an *Answering Brief in Opposition to Defendants' Request for Extension of Time to File Objections to Proposed Findings of Fact and Rulings of Law* [D.I. 547] (the "Opposition") and an *Answering Brief in Opposition to Defendants' Motion and Brief to Amend Opinion (D.I. 535) and Order (D.I. 540) Pursuant to Federal Rule of Bankruptcy Procedure 9023* [D.I. 546]. As of the time of this present Motion, the Court has yet to rule on Defendants' Motion for Extension of Time. On October 23, 2018, Defendants filed

the new pleading entitled an Objection. The new pleading is forty-two (42) pages in length. The old objection (styled a Motion to Amend) is forty (40) pages in length. The arguments made by Defendants in each pleading are repetitive (i.e., the proposed facts are either wrong or do not support the elements of the claims), but are articulated differently (hence the "need" to say things twice).

## ARGUMENT

Defendants' newly filed "Objection" flouts the Bankruptcy Rules as they have offered no just cause for the requested extension, and have simply sought to present over eighty (80) pages of briefing when the rule limits them to only forty (40). As outlined in the Trustee's Opposition to the Motion for Extension of Time, Defendants improperly filed a forty (40) page Motion to Amend Opinion and Order while simultaneously requesting an extension of time to file their objections. See generally Opposition [D.I. 547]. Defendants made a calculated and tactical decision to buy themselves more time to file their objections and take an additional "bite at the apple." Moreover, although the Defendants were aware of all the reasons they articulated as a basis for the requested extension as soon as the Opinion was served, they purposefully waited until the very last day of the fourteen (14) day period provided by Bankruptcy Rule 9033(b) to file the Motion for Extension of Time. Fed. R. Bankr. P. 9033(b).[2] Since the twenty-one (21) days sought runs only from the expiration of the fourteen (14) days provided by Rule 9033(b), Defendants did not grant the Court sufficient time to respond to the Motion for Extension of Time before the twenty-one (21) days itself expired.[3] As the Trustee predicted they would,

---

[2] Under Bankruptcy Rule 9033(b), the time for filing an objection is limited to within fourteen (14) days of being served with a copy of the proposed findings of fact and conclusions of law. Fed. R. Bankr. P. 9033(b).

[3] Under Bankruptcy Rule 9033(c), "[t]he bankruptcy judge may for cause extend the time for filing objections [to the proposed findings of fact and conclusions of law] by any party *for a period not to exceed 21 days from the*

(Continued)

3

Defendants did not wait for the Court and simply filed their Objection without leave.  Defendants have blatantly ignored the Bankruptcy Rules and should not be rewarded for their improper behavior.

Though Defendants apparently believe they are above the Bankruptcy Rules, the failure to follow rules may result in severe consequences for the noncompliant party.  See e.g., In re Nieves Guzman, 567 B.R. 854, 865 (B.A.P. 1st Cir. 2017) ("Failure to comply with the Local Rules merits adverse consequences for the offending party. The court . . .  may impose sanctions for failure to comply with these rules [including] . . . dismissal of the case or proceeding; striking of papers filed with the court; or denial of the relief sought, as the court in its discretion deems appropriate."); In re Wildwood Indus., Inc., No. 09-70602, 2012 WL 768064, at *9 (Bankr. C.D. Ill. Mar. 8, 2012) ("Failure to comply with the Local Rules merits adverse consequences for the offending party."); In re Pabon Rodriguez, 233 B.R. 212, 221 (Bankr. D.P.R. 1999) (quoting Corretjer Farinacci v. Picayo, 149 F.R.D. 435, 439 (D.P.R. 1993) ("Flagrant disregard of the procedural requirements established by the federal rules, by local rules of this district, or by a judge's scheduling order carries with it certain consequences. If litigants and their attorneys are to be relieved of these consequences they must present cogent, valid explanations of their failure to comply with established rules."), aff'd sub nom. In re Rodriguez, No. BAP PR 99-029, 2000 WL 35916017 (B.A.P. 1st Cir. Aug. 21, 2000), aff'd sub nom. In re Pabon Rodriguez, 17 F. App'x 5 (1st Cir. 2001).

With respect to Defendants' Motion for Extension of Time, Defendants did not offer any credible reasons establishing their need for additional time to file their objections.  Defendants

---

(Continued)

*expiration of the time otherwise prescribed by this rule.*  A request to extend the time for filing objections must be made before the time for filing objections has expired . . . ." Fed. R. Bankr. P. 9033(c) (emphasis added).

claimed they needed more time to file their objections because of the sheer volume of the record, the specificity required by Bankruptcy Rule 9033, and the occurrence of certain religious holidays over the fourteen (14) days following service of the Opinion.  As argued in the Opposition, none of these "reasons" amounts to cause.  First, the vast majority of the trial record and Opinion relate to claims that Defendants have already prevailed on and are not the subject of their Objection.  The size of the trial record that is relevant for Defendants' Objections is thus much more limited than Defendants contend.  See Opposition, p. 6.  Second, there is nothing unique about this case that creates greater difficulty than in any other case in satisfying the specificity required under Rule 9033 in the fourteen (14) day period allotted.  See id.  Further, Defendants ask the Court to treat their forty (40)-page Motion to Amend Opinion and Order as their Objection in the event that their Motion for Extension of Time is denied.  In other words, the lengthy Motion to Amend Opinion and Order is, in fact, the Defendants' objections to the Opinion, which they were successfully able to draft in the time allotted by Rule 9033.  See id. at p. 4-5.  Third, when a holiday falls in the middle of a designated filing period, the filing period is not extended due to that holiday.[4]  Moreover, the fact that Defendants prepared their forty (40)-page Motion to Amend Opinion and Order (or to be treated as an objection) dispels any notion that the holidays prevented them from working.  See id. at p. 7.  Defendants failed to offer a credible reason warranting their request for an extension of time and, without leave of the Court, brazenly file their Objection as if their Motion for Extension of Time had been granted.

---

[4] See, e.g., Fed. R. Bankr. P. 9006(a)(1)(B) ("When the period is stated in days or a longer unit of time: count every day, including intermediate Saturdays, Sunday, and legal holidays."); Fed. R. Bankr. P. 9006 Advisory Committee's Note to 1989 Amendment ("10-day time periods prescribed or allowed will no longer be extended to at least 14 calendar days because of intermediate weekends and legal holidays."); In re Furst, 206 B.R. 979, 980 (B.A.P. 10th Cir. 1997) ("The fact that President's Day occurred during the ten-day period did not affect the appeal period, because legal holidays are counted in computing the time to file an appeal.").

What the newly-filed "Objection" makes clear is that what Defendants really wanted was an opportunity to argue essentially the same points but with different emphasis. Thus, while in their so-called Motion to Amend they attack the Court's Proposed Findings and Conclusions as being internally inconsistent and legally infirm, in the so-called Objection they assert that the facts as found do not support the findings of fact and conclusions of law. In short, Defendants wanted to write an eighty-two (82)-page brief and they needed more than fourteen (14) days to do so. Both the desire and the strategic means selected to achieve it are improper and the appropriate remedy is for the Court to strike the latter of the two pleadings.

## CONCLUSION

Defendants, like all other litigants before this Court, must comply with the Bankruptcy Rules and the calculated failure to do so should be met with the appropriate consequences. Defendants have now for a second time ignored the Bankruptcy Rules as they freely file papers that fit their elective strategy. Tactical and strategic decisions to disregard the Bankruptcy Rules do not establish cause. Having failed to comply with the Rules or provide the court with good cause to extend the time to file their Objection, the Court should strike Defendants' newly-filed "Objection" and forward along to the District Court the originally filed Motion to Amend that Defendants previously acknowledged could also serve as their formal objection.[5]

---

[5] If the Court does not strike the newly-filed "Objection," it should, in turn, strike the Motion to Amend from the Appendix, and so much of the Defendants' "Suggestion" as purports to incorporate that brief by reference (i.e., Suggestion at ¶ 8, n.3). The Motion to Amend was obviously not part of the trial record below and should not be before the District Court as additional briefing.

6

Dated: Wilmington, Delaware
       October 29, 2018

**DRINKER BIDDLE & REATH LLP**

By: *Patrick A. Jackson*
Steven K. Kortanek (Del. Bar No. 3106)
Patrick A. Jackson (Del. Bar No. 4976)
Joseph N. Argentina, Jr. (Del. Bar No. 5453)
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 467-4238
Facsimile: (302) 467-4201
Email: steven.kortanek@dbr.com
      patrick.jackson@dbr.com
      joseph.argentina@dbr.com

– and –

**BROWN RUDNICK LLP**
Robert J. Stark (admitted *pro hac vice*)
Marek P. Krzyowski (admitted *pro hac vice*)
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
E-mail: RStark@brownrudnick.com
      MKrzyzowski@brownrudnick.com

– and –

James W. Stoll (admitted *pro hac vice*)
Melanie Dahl Burke (admitted *pro hac vice*)
Brian M. Alosco (admitted *pro hac vice*)
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201
Email: JStoll@brownrudnick.com
      MBurke@brownrudnick.com
      BAlosco@brownrudnick.com

Joel S. Miliband (admitted *pro hac vice*)
2211 Michelson Drive, 7th Floor
Irvine, CA 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514
Email: JMiliband@brownrudnick.com

*Counsel for Plaintiff Alan Halperin,*
*as Trustee of the GFES Liquidation Trust*

7