# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GREEN FIELD ENERGY SERVICES, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 13-12783 (KG)<br><br>(Jointly Administered) |
| ALAN HALPERIN, AS TRUSTEE OF THE GFES LIQUIDATION TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>MICHEL B. MORENO; MOR MGH HOLDINGS, LLC; FRAC RENTALS, LLC; TURBINE GENERATION SERVICES, LLC; AERODYNAMIC, LLC; CASAFIN II, LLC<br><br>Defendants. | Adv. Pro. No. 15-50262 (KG) |

**MOTION OF PLAINTIFF ALAN HALPERIN, AS TRUSTEE OF THE GFES LIQUIDATION TRUST TO STRIKE REPLY BRIEF IN SUPPORT OF THE LIMITED OBJECTION UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 9033 OF DEFENDANTS MICHEL B. MORENO AND MOR MGH HOLDINGS, LLC TO THE PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW SET FORTH IN THE BANKRUPTCY COURT'S OPINION (D.I. 535) AND ORDER (D.I. 540)
OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUR-REPLY**

Plaintiff Alan Halperin (the "Trustee"), as Trustee of the GFES Liquidation Trust, by and through his undersigned counsel, respectfully submits this motion (the "Motion for Leave")[1] for the entry of an order striking the *Reply Brief in Support of the Limited Objection Under Federal Rule of Bankruptcy Procedure 9033 of Defendants Michel B. Moreno and MOR MGH Holdings, LLC to the Proposed Findings of Fact and Conclusions of Law Set Forth in the Bankruptcy Court's Opinion (D.I. 535) and Order (D.I. 540)* (the "Reply") [D.I.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the attached proposed Sur-Reply.

567], or, in the alternative, granting him leave from Rules 7007-1(b) and 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and permitting him to file a sur-reply (the "Sur-Reply") (attached hereto as Exhibit A) in response to the Reply. In support of his Motion for Leave, the Trustee respectfully states as follows:

### JURISDICTION AND VENUE

2.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue is proper in this district pursuant to 28 U.S.C. § 1410. The statutory basis for the relief requested herein is section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

### RELIEF REQUESTED

3.  The Trustee respectfully requests that the Court strike the Reply. In the alternative, if the Court does not strike the Reply, the Trustee respectfully requests leave from Local Rules 7007-1(b) and 9006-1 so that he may file the accompanying Sur-Reply. The Trustee submits that this Sur-Reply is warranted to address issues that Defendants raised for the first time in the Reply.

### BASIS FOR RELIEF REQUESTED

4.  Defendants assumed, without seeking leave of the Court, that they are entitled to a reply in support of their Objection pursuant to Federal Rule of Bankruptcy Procedure 9033 as a matter of law. However, courts have held that Rule 9033 does not permit the filing of a reply brief without leave of court and thus when filed without leave, reply briefs should be stricken. See Rund v. Kirkland (In re EPD Inv. Co., LLC), 587 B.R. 711, 721 (C.D. Cal.

2018) (granting motion to strike reply brief because "[c]ourts that have considered the issue have acknowledged that an objector must obtain a court's permission before filing a reply in support of an objection to a bankruptcy court's report and recommendation"); Krystal Energy Co. Inc. v. Navajo Nation, No. CV 12-00079-PHX-FJM, 2012 WL 1899912, at *1 n.1 (D. Ariz. May 24, 2012) ("Rule 9033(b), Fed. R. Bankr. P. does not contemplate the filing of a reply in support of a party's objections.").

5. Local Rule 7007-1, which permits reply briefs in support of *motions*, also does not permit the Defendants to file the Reply in support of their Objection. Indeed, in EPD Inv., the objectors argued that a local rule allowed them to file a reply brief without seeking leave of court, but the court distinguished objections under Rule 9033 from typical motions and struck the reply brief in its entirety. 587 B.R. at 721 ("Defendants contend that Local Rule 7-10 permits them to file a reply here. Defendants are incorrect. Local Rule 7-10 applies to motions filed in this Court. It does not apply to written objections, such as the one filed by Defendants. The Court STRIKES Defendants' Reply.").

6. To the extent the Court denies the Trustee's Motion to Strike Defendants' Reply, the Trustee requests leave to file the attached proposed 8-page sur-reply in order to respond to several new arguments that Defendants made for the first time in the Reply. One court specifically held that although there is no right to file a reply brief as a matter of course, instead of striking the reply, it would allow the respondent to file a sur-reply. Carn v. Med. Data Sys. (In re Cambron), No. 1:07-cv-00370-WHA, 2007 WL 4287376, at *2 (M.D. Ala. Dec. 5, 2007) ("Rather than strike Defendant's Reply for exceeding the number of filings provided for under Rule [9033(b)], the court accepted the Defendant's Reply and granted Plaintiff leave to file its second response."). In addition, sur-replies are regularly and properly permitted to allow a

party the opportunity to respond to issues raised for the first time in a reply brief. Leave to file a sur-reply should be granted where the party "'would be unable to contest matters presented to the court for the first time in the opposing party's reply.'" <u>Groobert v. President and Dirs. Of Georgetown Coll.</u>, 219 F. Supp. 2d 1, 13 (D. D.C. 2002) (citation omitted); see also <u>Worldcom, Inc. v. Graphnet, Inc.</u>, 343 F.3d 651, 653 (3d Cir. 2003).

7. The Court will recall that Defendants initially filed both a Motion to Amend/Reconsider this Court's Proposed Findings and Conclusions [D.I. 544] ("Motion to Amend") and for an extension of time to submit their objection [D.I. 545]. In the Motion to Amend, Defendants made several arguments challenging the recommended imposition of a constructive trust. The Trustee responded to the Motion to Amend. <u>See</u> D.I. 546. The Court thereafter granted the Defendants' motion to extend time to file their objection. When Defendants ultimately filed their objection, they unilaterally withdrew their Motion to Amend. The Objection, as filed, did not raise certain arguments regarding the constructive trust that had been raised in the now withdrawn Motion to Amend. Instead, after the Trustee submitted its Response to the Objection, Defendants filed the Reply, raising the arguments that had originally been raised but then withdrawn in the Motion to Amend, but omitted from the opening brief in support of their objection. Specifically, the four arguments not raised in their initial Objection but now appearing in the Reply include: (i) the Texas homestead law precludes imposition of a constructive trust; (ii) the Trustee failed to plead the constructive trust remedy in the complaint; (iii) the failure to specifically plead fraud in the complaint precludes imposition of a constructive trust; and (iv) the Trustee lacks standing to establish a constructive trust. To the extent the Court permits the filing of the Reply and these untimely arguments, the

Trustee should be permitted to respond appropriately. The proposed sur-reply memorandum is attached hereto as Exhibit A.

## CONCLUSION

WHEREFORE, in light of the foregoing, the Trustee respectfully requests that the Court enter an Order (i) striking the Reply; or, in the alternative (ii) granting the Trustee leave from the requirements of Local Rules 7007-1(b) and 9006-1 and permission to file the attached Sur-Reply; and (iii) such further relief as the Court deems just.

Dated: Wilmington, Delaware
November 15, 2018

**DRINKER BIDDLE & REATH LLP**

By: */s/ Patrick A. Jackson*
Steven K. Kortanek (Del. Bar No. 3106)
Patrick A. Jackson (Del. Bar No. 4976)
Joseph N. Argentina, Jr. (Del. Bar No. 5453)
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 467-4238
Facsimile: (302) 467-4201
Email: Steven.kortanek@dbr.com
          Patrick.jackson@dbr.com
          Joseph.argentina@dbr.com

– and –

**BROWN RUDNICK LLP**
Robert J. Stark (admitted *pro hac vice*)
Marek P. Krzyowski (admitted *pro hac vice*)
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
E-mail: RStark@brownrudnick.com
          MKrzyzowski@brownrudnick.com

– and –

James W. Stoll (admitted *pro hac vice*)
Melanie Dahl Burke (admitted *pro hac vice*)
Brian M. Alosco (admitted *pro hac vice*)
One Financial Center
Boston, MA  02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201
Email: JStoll@brownrudnick.com
　　　　MBurke@brownrudnick.com
　　　　BAlosco@brownrudnick.com

Joel S. Miliband (admitted *pro hac vice*)
2211 Michelson Drive, 7th Floor
Irvine, CA 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514
Email: JMiliband@brownrudnick.com

*Counsel for Plaintiff Alan Halperin, as Trustee of the GFES Liquidation Trust*

95704050.1